EL PUEBLO, DEMANDANTE Y APELADO *v.* LÓPEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa sobre calumnia e injuria.

No. 872.—Resuelto en julio 29, 1915.

CALUMNIA E INJURIA—CRÍTICA DE FUNCIONARIOS PÚBLICOS—LIBERTAD DE PALABRA.—Se imputó al acusado el hecho de que maliciosa y públicamente desde la tribuna de un mitin obrero que se celebraba en la plaza de Hostos de Bayamón, y con el fin de menospreciar a Arthur Yager, Gobernador de Puerto Rico, dijo que era un imbécil, estúpido y bruto y que lo que estaba haciendo eran canalladas. *Se resolvió:* que el lenguaje ofensivo usado cae de lleno dentro del principio sentado por esta corte en el caso de *El Pueblo* v. *García,* 21 D. P. R., 163, siendo revocada la sentencia condenatoria y absuelto el acusado.

ID.—ESTATUTOS PENALES—CONDUCTA GROSERAMENTE OFENSIVA A LA MORAL Y DECORO PÚBLICO.—Los preceptos de los estatutos penales no son elásticos o susceptibles de ser conformados, y la extensión o alcance que les den las cortes de justicia hasta hacerlos comprender conducta que es groseramente

ofensiva a la moral y decoro público, puede dar lugar a resultados muchos más perniciosos que aquellos que pudieran ocasionarse con la absolución del delincuente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José L. Pesquera.*

Abogado de El Pueblo: *Sr. Salvador Mestre, fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El acusado y apelante fué declarado culpable primeramente en la Corte Municipal de Bayamón, y luego al celebrarse el juicio *de novo* en la Corte de Distrito de San Juan, Sección 2ª., por un delito de calumnia e injuria que le fué imputado en una denuncia formulada contra él por el jefe de distrito de la Policía Insular, cometido como sigue:

"Que en febrero 22 de 1915, entre 7 y 8 p. m., y en la Plaza Hostos de Bayamón, del Distrito Judicial Municipal de Bayamón, P. R., que forma parte del Distrito Judicial de San Juan, P. R., el acusado Luis López Muñiz, maliciosa y públicamente desde la tribuna de un mitin obrero que se celebraba en dicha plaza y con el fin de menospreciar al Hon. Arthur Yager, Gobernador de Puerto Rico, dijo de él que era un imbécil, estúpido y bruto, y que lo que estaba haciendo eran canalladas."

Es una curiosa coincidencia que el lenguaje ofensivo que ha sido imputado al acusado caiga tan de lleno dentro del principio sentado por esta corte en el caso de *El Pueblo v. García,* 21 D. P. R., 163, citado por el acusado, que sugiere la intención deliberada y malicioso propósito de ir tan lejos en el uso de este lenguaje como fuere posible hacerlo sin peligro alguno, contando para ello con la protección de la interpretación que fué dada a estas cuestiones en dicho caso. Pero no es de la incumbencia de las cortes prescribir el remedio para cualquier tendencia maligna aun cuando los síntomas indiquen una asimilación defectuosa de los principios fundamentales proclamados judicialmente. Ni tenemos necesidad de considerar extensamente los hechos expresados en la denuncia. Las palabras que fueron imputadas al acusado,

pronunciadas en un momento tan crítico y bajo circunstancias que son conocidas de todos, de notoriedad pública e historia contemporánea, de las cuales tomamos conocimiento judicial sin hacer mención de detalles, caracterizan suficientemente tanto al orador como al acto suyo de expresarlas, siendo superfluo todo comentario respecto a tal conducta. Y si él no hablaba meramente a nombre propio sino también en una capacidad representativa, entonces el estigma que de tal modo se imprime sobre sus representados es a su vez una cuestión en la cual no debemos sentir ningún interés. La dura escuela de la experiencia es la única esperanza de salvación para aquellos que toleran tales intérpretes.

En el caso de *El Pueblo* v. *García, supra,* citamos con aprobación el lenguaje del Juez Hook en el caso de *Demolli* v. *United States,* el cual es como sigue:

"Los preceptos de los estatutos penales no son elásticos o susceptibles de ser conformados, y la extensión o alcance que les den las cortes de justicia hasta hacerlos comprender conducta que es groseramente ofensiva a la moral y decoro público, como fué la de Demolli, puede dar lugar a resultados mucho más perniciosos que aquellos que pudieran ocasionarse con la absolución del delincuente." 6 L. R. A. (N. S.) 424.

El principio así enunciado debe prevalecer en todo país libre a pesar de los casos esporádicos en que deliberadamente ocurren desbordamientos ofensivos rayanos en abuso de la libertad de la palabra que de tal modo se garantiza a todos los ciudadanos.

Debe revocarse la sentencia apelada y absolverse al acusado.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.