EL PUEBLO, DEMANDANTE Y APELADO, *v.* SANTOS, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción del artículo 244 del Código Penal.

No. 911.—Resuelto en junio 6, 1916.

LIBELO INFAMATORIO—CIRCULACIÓN DE HOJA SUELTA LIBELOSA—DENUNCIA INSUFICIENTE—IDENTIFICACIÓN DEL DENUNCIANTE.—En el presente caso una denuncia fué presentada imputando al acusado el hecho de haber repartido y circulado una hoja suelta conteniendo los párrafos siguientes: "Tenemos entendido que en lo que respecta a los salarios, se está violando el contrato, y los mayordomos y capataces se esfuerzan en hacerles entender a Vds., que ahora el jornal más alto será de setenta y cinco centavos, y eso se debe a que Iglesias se vendió, etc., etc. ¡Qué canallas son tales mayordomos y capataces! En vez de deciros que ya ellos no os pueden robar cincuenta o sesenta pesos semanales como lo hacían antes, tratan de haceros creer que el contrato les perjudica a Vds., y todo lo hacen con el fin malévolo de que no os organicéis." En apelación, *se resolvió* que tal denuncia era insuficiente de acuerdo con los artículos 243 del Código Penal y 87 del Código de Enjuiciamiento Criminal, por no haber en ella alegación alguna que demuestre que las palabras fueron publicadas con referencia a los denunciantes, quienes no fueron identificados; y también *se resolvió* que los defectos de la denuncia no fueron subsanados por la prueba.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rafael López Landrón.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La denuncia que fué formulada en este caso expresaba lo siguiente:

"Nosotros, Eladio Pereira y Andrés García, vecinos de Fajardo, formulamos denuncia contra Domingo Santos, por delito de infracción al artículo 244 del Código Penal, enmendado en 1911, cometido de la manera siguiente: que en un día del mes de febrero de 1915, y en las calles de Fajardo, P. R., del Distrito Judicial Municipal de Fajardo, P. R., dicho acusado repartió voluntariamente e hizo circular una hoja suelta, suscrita por Antonio Casas y Juan Rexach, la cual fué leída por diversas personas y contenía entre otros, los párrafos siguientes: 'Tenemos entendido que en lo que respecta a los salarios, se está violando el contrato, y los mayordomos y capa-

taces se esfuerzan en hacerles entender a Vds., que ahora el jornal más alto será de setenta y cinco centavos, y eso se debe a que Iglesias se vendió, etc., etc. ¡Qué canallas son tales mayordomos y capataces! En vez de deciros que ya ellos no os pueden robar cincuenta o sesenta pesos semanales como lo hacían antes, tratan de haceros creer que el contrato les perjudica a Vds., y todo lo hacen con el fin malévolo de que no os.organicéis.' Que dicha hoja suelta fué publicada y repartida por el acusado con la maliciosa intención de impugnar la honradez, integridad y buena fama de los mayordomos de la Fajardo Sugar Growers' Association, dos de los cuales son los denunciantes.''

El acusado alegó su inocencia; el caso fué juzgado y la corte declaró culpable al acusado y le condenó a pagar una multa de veinticinco dólares.

El artículo 243 del Código Penal prescribe lo siguiente:

''Artículo 243.—Constituye libelo cualquiera maliciosa difamación expresada por medio de escritos, impresos, signos, láminas, dibujos, u otra forma análoga, tendentes a denigrar la memoria de un difunto, o impugnar la honradez, integridad, virtud o buena fama de un vivo, o publicar sus defectos naturales o supuestos, exponiéndole así al odio, desprecio o ridículo público.''

El supuesto libelo tal como se describe en la denuncia no mencionaba a nadie. No hay en esta ninguna alegación que demuestre que las palabras fueron publicadas con referencia a ningún mayordomo o capataz en particular. Ninguna compañía, asociación o clase determinada de mayordomos o capataces se menciona en las palabras que han sido citadas de la hoja suelta y en la denuncia no se alegan hechos tendentes a demostrar que ellos,eran las personas a quienes se aludía con excepción de que a ellos les afectaba la publicación. El artículo 87 del Código de Enjuiciamiento Criminal prescribe lo siguiente:

''Artículo 87.—En una acusación por libelo no es necesario exponer hechos externos con el fin de mostrar la aplicación a la persona injuriada, del caso difamatorio en que se basa la acusación, sino que la difamación fué publicada con referencia a dicha persona, y el hecho de que así fué publicada habrá de justificarse en el juicio.''

Por tanto era necesario alegar que las palabras fueron publicadas con referencia a los mayordomos que sostienen que fueron perjudicados.  De todo lo que revela la denuncia el supuesto libelo podría haber sido publicado con respecto a alguna otra persona y haber afectado todavía accidentalmente a estos mayordomos.  Los mayordomos de la Fajardo Sugar Growers' Association no fueron identificados, y la denuncia era insuficiente.

Si a falta de objeción pudiera suponerse que el juicio subsana la denuncia, la publicación todavía dejaría de identificar a los denunciantes.  Se ha probado en verdad que el libelo iba dirigido a los trabajadores de la Fajardo Sugar Company, y los denunciantes son mayordomos de la Fajardo Sugar Growers' Association.  La prueba tiende a demostrar que las dos compañías son distintas.  No existía identificación de los denunciantes.

La sentencia debe ser revocada y absolverse al acusado.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.