EL PUEBLO, DEMANDANTE Y APELADO, *v.* BERNARD, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en una causa por calumnias e injurias.

No. 2174.—Resuelto en febrero 29, 1924.

CALUMNIA E INJURIA (*Slander*)—RELATO INJURIOSO.—En el presente caso el acusado pronunció en un *meeting* público las siguientes palabras: ''Cuando un burgués hace un robo se dice que es un gran financiero; ahora mismo se llevó a cabo una transacción en San Juan, en pública subasta para la construcción de un acueducto en la citada población, llevándose la buena pro el Sr. Giorgetti, en representación de una casa anónima, en ésta se manejó medio millón de dollars ($500.00, *sic*.). ¿Esto para qué? Pues para reponer los cien mil pesos que se gastaron los unionistas para la comisión que fué a Estados Unidos.'' *Se resolvió:* que si bien tales frases no imputan la comisión de un delito, el presente caso se distingue del de *El Pueblo* v. *García,* 21 D. P. R. 163, porque las palabras transcritas constituyen un relato que tiende fuertemente a desacreditar a la persona contra quien van dirigidas.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. B. Pagán.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Nos inclinamos a convenir con el apelante en que de la siguiente denuncia no aparece que las palabras atribuídas a dicho apelante fueran bastantes para imputar la comisión de un delito:

"Que en enero cinco de 1923, entre 6 a 9 p. m., y en el barrio Aguirre, sitio Coquí de Salinas, del Distrito Judicial Municipal de Salinas, que forma parte del Distrito Judicial de Guayama, P. R., el referido acusado Miguel Bernard Silva, ilegal, voluntaria y maliciosamente, mientras se llevaba a cabo un meeting pro huelga agrícola, y haciendo de orador el acusado Miguel Bernard Silva, entre otras cosas dijo: 'Cuando un burgués hace un robo se dice que es un gran financiero; ahora mismo se llevó a cabo una transacción en San Juan, en pública subasta para la construcción de un acueducto en la citada población, llevándose la buena pró el Sr. Giorgetti, en representación de una casa anónima, en ésta se manejó medio millón de dollars ($500,00, *sic.*). ¿Esto para qué? Pues para reponer los cien mil pesos que se gastaron los unionistas para la comisión que fué a Estados Unidos.' Que todas estas manifestaciones hechas en público y ante un conglomerado de personas que pasaban de cien, dichas en deshonra, desprecio y menosprecio del Sr. Giorgetti y del Municipio de San Juan, P. R., con la intención aviesa de poner a dicho Sr. Giorgetti y los hombres que dirigen el municipio de San Juan al ridículo público."

Aunque la palabra "robo" fué usada, sin embargo, en esta relación, las palabras meramente tendían a demostrar un impropio manejo de posturas o de fondos en resultante detrimento del público. No se alegan hechos que pudieran hacer caer los supuestos actos del Sr. Giorgetti dentro de la sanción de las leyes penales de Puerto Rico.

Sin embargo, la ley de libelo abarca no solamente delitos sino también relatos o informes hechos pública y maliciosamente tendentes a manchar el honor, la reputación o dignidad de una persona natural o de un cuerpo. Artículo 2 de la Ley para definir y castigar el delito de calumnia e

injuria, aprobada en marzo de 1911. En el caso de *El Pueblo* v. *García*, 21 D. P. R. 163, la sentencia fué revocada porque las palabras pronunciadas no constituían un relato o informe, pero lo contrario es cierto de la presente denuncia. El relato o informe es que el Sr. Giorgetti obtuvo la buena pró por medios impropios. Y decimos "medios impropios" porque las palabras "cuando un burgués hace un robo se dice que es un gran financiero" hay que relacionarlas con "se manejó", siendo el resultado necesario que cualquier oyente llegaría a la conclusión de que algo impropio se hizo. Y cuando el fin, como se alega, es ayudar a o pagar los gastos de una comisión del partido de la mayoría en Puerto Rico, la exposición en su totalidad es un relato o informe que tiende fuertemente a desacreditar al Sr. Giorgetti, la persona a quien se referían las palabras pronunciadas.

El Sr. Giorgetti, la persona que se suponía injuriada, fué llamado como testigo del gobierno. No compareció. El apelante señala como error el que la corte no usó todos los medios posibles para obtener la comparecencia de dicho testigo. El remedio, sin embargo, en todo caso es mediante moción de suspensión para permitir a la defensa obtener al testigo. El acusado hasta cierto punto hizo tal moción.

La omisión de suspender el caso en las anteriores circunstancias se señala como error. La manera de obtener una suspensión está descrita en los casos de *El Pueblo* v. *Román* 18 D. P. R. 219, y *Dyer* v. *Rossy*, 23 D. P. R. 772. El apelante no hizo solicitud ni declaración jurada para demostrar la importancia o necesidad de este testigo.

El juicio demostró que las palabras fueron pronunciadas en la forma imputada. La defensa consistió en una coartada que la corte no creyó existiera, conclusión que no vemos razón alguna para alterar. Esto dispone de los dos señalamientos de error restantes.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.