EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
MARÍA MATOS, acusada y apelante.

No. 2841.—*Visto:* Julio 19, 1926. *Resuelto:* Julio 29, 1926.

LIBELO Y CALUMNIA—PROCESO Y CASTIGO—DE LA DENUNCIA—SUFICIENCIA DE LA
MISMA.—Considerados los dos modos de cometer el delito de injuria y calum-
nia prescritos por las secciones 1 y 2 de la ley de marzo 9, 1911 (Comp.
5691 y 5692) *se resolvió* que la denuncia en este caso estaba comprendida
dentro de la definición del delito consignado en la sección 2 de dicha ley.

SENTENCIA de *Angel Acosta Quintero,* J. (Ponce), condenando a la
acusada por delito de injuria y calumnia. *Confirmada.*

*Leopoldo Tormes,* abogado del apelante; *José E. Figueras,* abogado
de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del
tribunal.

La corte inferior declaró culpable a la acusada de un de-
lito de injuria y calumnia y le impuso una multa de $25. No
conforme apeló de la sentencia y en su alegato señala como
único error que la acusación es insuficiente, no alegando he-
chos constitutivos de un delito.

La denuncia dice como sigue:

"Yo, Eustaquio Sanabria, P. I. No. 271, vecino de Ponce, P. R.,
calle de Isabel No. 41, mayor de edad, formulo denuncia contra
María Matos, por delito de Injuria y calumnia (*Slander*), cometido
de la manera siguiente: Que en 24 de Julio, 11 a.m., de 1925, y
en calle Isabel de Ponce, P. R., dentro del Distrito Judicial Muni-
cipal de Ponce, P. R., que forma parte del territorio de la Corte del
Distrito Judicial de Ponce, P. R., la referida acusada María Matos
allí y entonces, voluntaria, maliciosamente y con la intención de
denigrarme y exponerme al ridículo público y perjudicarme en mi
cargo de Policía Insular, manifestó públicamente que yo la noche
anterior estaba completamente borracho en la calle Coto y acostado
en un tablón y que había bebido licor embriagante con distintas
personas, siendo estas manifestaciones falsas y las cuales me han
desprestigiado y expuesto a una acción administrativa en mi con-
tra. . . . .''

La apelante alega que las palabras que se ponen en la-
bios de la acusada no constituyen un relato o informe, o que

sean constitutivas de delito, citando en su apoyo los casos de *El Pueblo* v. *García,* 21 D.P.R. 163; *El Pueblo* v. *López,* 23 D.P.R. 114.

La ley para definir y castigar el delito de calumnia e injurias, aprobada en marzo 9 de 1911, página 172, prescribe:

"Sec. 1.—Se entiende por calumnia toda falsa y maliciosa imputación hecha de palabra y públicamente contra otra persona natural o jurídica, imputándole la comisión de hecho constitutivo de delito.

"Sec. 2.—Entiéndese también por calumnia toda palabra o concepto proferido maliciosa y públicamente en deshonra, descrédito, menosprecio de otra persona natural o jurídica."

Esta segunda parte de la ley no es una traducción fiel y correcta del texto inglés. Esto se hizo notar en el caso de *El Pueblo* v. *García, supra,* página 170, donde se dijo: "Es también un hecho cierto que la versión española de la sección 2ª. de la ley ya citada dice, 'toda palabra o concepto proferido maliciosa y públicamente,' etc., (any word or thought maliciously and publicly spoken), mientras que la inglesa expresa 'a tale or report maliciously and publicly made' (un relato o informe que se hace maliciosa y públicamente)." Se declaró asimismo que en casos de conflicto entre las dos versiones, si el estatuto es nuevo o de origen americano, prevalecía la inglesa.

El estatuto, por consiguiente, define dos modos de cometerse el delito. La sección 1ª. se refiere cuando la imputación hecha de palabra es constitutiva de un delito, y la sección 2ª. establece el delito cuando "un relato" (*tale*) o "un informe" (*report*) proferido tiende a la deshonra, descrédito o menosprecio de la persona perjudicada. Dentro de esta última definición es que está comprendida la acusación de este caso. Las palabras que se alegan proferidas por la acusada no imputan un delito al demandante, pero sí un relato o informe hecho maliciosa y públicamente en deshonra, descrédito y menosprecio del denunciante, y no tenemos du-

das que los hechos tal como aparecen alegados en la acusación, siendo falsos, afectan la reputación del denunciante, no sólo en su carácter de ciudadano, sino como funcionario, haciéndole inhábil e incompetente para el puesto de policía insular que desempeña.

Dentro de las alegaciones de este caso, las citas de la apelante no son aplicables por ser distintas las circunstancias.

*Por lo expuesto debe confirmarse la sentencia apelada.*