El Pueblo de Puerto Rico, demandante y apelado, *v.* Rafael Álamo, acusado y apelante.

No. 3303.—*Visto:* Enero 13, 1928. *Resuelto:* Abril 28, 1928.

*B. Sánchez Castaño, G. Benítez Gautier* y *Dubón & Ochoteco,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En el pueblo de Bayamón, y en presencia de varias personas, el acusado dijo: "Esa americana es una puta." En apelación de una sentencia condenatoria por el delito de calumnia e injurias, el fiscal de esta corte conviene con el apelante en que este caso debe ser revocado. La teoría es que las palabras proferidas no imputan delito alguno ni

son un relato o informe dentro de la sanción de nuestro estatuto. Sección 5691 *et seq.,* Compilación de los Estatutos Revisados de 1911, página 951.

Indicamos durante la vista que hay un estatuto federal general aplicable a los territorios de los Estados Unidos, según el cual la fornicación constituye un delito. Codificación de las Leyes de los Estados Unidos, título 18, capítulo XIII, secciones 511 y 518. El fiscal dice, entre otras cosas:

"Asumiendo que la imputación de la denuncia cayese dentro de la sección 518, ¿podría la Corte de Distrito de los Estados Unidos para Puerto Rico enjuiciar a la perjudicada por dicho delito? A nuestro juicio, no. La jurisdicción de la Corte Federal es limitada en cuanto a los delitos, y tiene jurisdicción solamente de aquellos por violación a los estatutos federales de los Estados Unidos. Siendo esto así, aún suponiendo que la imputación fuese más general y estableciese el comercio carnal siendo soltera, si no se alega que el hecho ha sido realizado dentro de los límites jurisdiccionales de la Corte Federal no nos parece que habría establecido la imputación de delito, que es el elemento esencial requerido por la ley y la jurisprudencia.

"No tenemos duda alguna de que una imputación calumniosa que estableciese el hecho de una persona haber hurtado correspondencia en una oficina de correo, establecería la imputación clara de un delito penado por las leyes federales, y, por tanto, sería procesable por calumnia, e injuria, porque tendría el elemento esencial para hacerlo delito dentro de las leyes federales.

"Pero la imputación de un hecho delictivo, si no está penado por los estatutos locales, tiene que aparecer claramente penado por los estatutos federales para que pudiese constituir el delito de injuria y calumnia."

Si existe el delito, es claro que no importaría en absoluto que las palabras proferidas imputaran o no un delito contra las leyes aprobadas por la Legislatura local. Se imputaría un delito contra las leyes vigentes en Puerto Rico, ya pudiera tal delito ser o no juzgado por las cortes locales. Tal vez si sólo se tratara de un delito contra las leyes de cualquier otro país civilizado, especialmente si la mujer ofendida vivió allí, las palabras proferidas por el acusado podrían caer dentro de la sanción del estatuto.

El argumento del fiscal es más bien al efecto de que la denuncia no alega que la mujer que se supone haber sido agraviada era soltera. El estatuto de los Estados Unidos realmente se refiere a personas no casadas. Si la ofendida no era soltera (*unmarried*), era casada. Ésa necesariamente sería una completa división de las posibilidades. Si la perjudicada era casada, *prima facie* sería culpable del delito de adulterio, procesable de acuerdo con nuestras leyes locales. Aceptando sin resolverlo que en la denuncia debiera alegarse cuál era el estado civil de la mujer, no habiéndose levantado objeción alguna al efecto, ese defecto no era fundamental, si partimos del supuesto de que las palabras usadas necesariamente imputaban un delito, ya fuera la perjudicada casada o no. Además tal defecto pudo haber sido subsanado por la prueba, la que no ha sido elevada a este tribunal, por haber descansado el acusado en su excepción perentoria de falta de hechos constitutivos de delito.

■■ Si las anteriores consideraciones dieran lugar a algunas dudas, el caso puede ser resuelto por otras razones. Decir en presencia de otras personas que una mujer es una puta es hacer un relato o informe procesable de acuerdo con nuestro estatuto. Así, el atacar la castidad de una mujer, si bien originalmente no era castigable como delito de acuerdo con el derecho común y por tanto, no era procesable *per se,* es penable en la actualidad, de acuerdo con los estatutos o con las decisiones de las cortes. 36 C. J. 1175. Con estos antecedentes, ya sean las palabras proferidas calumniosas *per se* o no, constituyen un relato o informe contra la castidad de una mujer. Las opiniones anteriores de esta corte (*El Pueblo* v. *García,* 21 D.P.R. 163; *El Pueblo* v. *López,* 23 D.P.R. 114; *El Pueblo* v. *Colberg,* 24 D.P.R. 673; *El Pueblo* v. *Bernard,* 32 D.P.R. 857; *El Pueblo* v. *Flores,* 23 D.P.R. 501; *El Pueblo* v. *Matos,* 35 D.P.R. 899) no contienen pronunciamiento alguno necesario a la resolución de dichos casos que pudiera excluir la conclusión a que

hemos llegado. Analizados debidamente, algunos de estos casos sostendrían las conclusiones de esta opinión.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Sr. Texidor no intervino.