El Pueblo de Puerto Rico, demandante y apelado, *v.* Dolores Cardona, acusado y apelante.

No. 4605.—*Sometido:* Febrero 17, 1932. *Resuelto:* Abril 8, 1932.

B. *Guerra-Mondragón,* abogado del apelante; *E. Díaz Viera, Fiscal Auxiliar,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

La denuncia, base de este proceso, dice, en lo pertinente, así:

"Yo, Carlos Feltiou, . . . formulo denuncia contra Dolores Cardona por delito de Slander, calumnia e injuria, cometido de la manera siguiente:

"Que en 25 de febrero de 1931 y en Juncos, P. R. . . . el mencionado acusado Dolores Cardona, voluntaria y maliciosamente con intención criminal de exponer al denunciante al descrédito y menosprecio público, hizo manifestaciones públicas delante de varios trabajadores consistentes en decirles que si están en huelga, contestando los trabajadores que sí, y continuarían en ella hasta a un lado o a

otro. · Que entonces el acusado Dolores Cardona les dijo mientras vds. tengan líderes del movimiento del trabajo con Mr. Carlos Feltiou no conseguirán nada por así como se vendió el año pasado por diez mil dollars este año se venderá por quince mil.

"Los conceptos vertidos contra el denunciante le exponen al descrédito y menosprecio público. El denunciante no se encontró presente.

"Este hecho es contrario a la Ley."

Juzgada la causa en apelación por la Corte de Distrito de Humacao, el acusado fué declarado culpable y condenado a pagar una multa de cincuenta dólares, con prisión subsidiaria en caso de falta de pago. No conforme, apeló para ante este tribunal. Sostiene como único error el cometido a su juicio por la corte sentenciadora al desestimar la excepción perentoria que le presentara alegando que la denuncia no aducía hechos suficientes constitutivos de delito público.

La ley aplicable es la aprobada en 9 de marzo de 1911, titulada Ley para definir y castigar el delito de calumnia e injuria (*slander*), que figura en la Compilación de 1911, secciones 5691 a 5696. Las secciones 1, 2 y 3 de la ley, expresan:

"Sección 1. Se entiende por calumnia toda falsa y maliciosa imputación hecha de palabra y públicamente contra otra persona natural o jurídica, imputándole la comisión de hecho constitutivo de delito.

"Sección 2. Entiéndese también por calumnia toda palabra o concepto proferido maliciosa y públicamente en deshonra, descrédito, menosprecio de otra persona natural o jurídica.

"Sección 3. Se presumirá maliciosa y será calumnia procesable toda expresión calumniosa hecha públicamente en presencia o en ausencia de la persona agraviada."

Basta leer la denuncia para concluir que fué redactada por persona no perita en el conocimiento de la lengua castellana, pero ello no es por sí solo bastante para considerarla fatalmente defectuosa. Si interpretadas las palabras usadas en la misma, en su acepción usual en el lenguaje corriente, imputan el delito perseguido, y si leyendo el do-

cumento en su integridad cualquier persona de inteligencia común puede conocer lo que quiere decir, no obstante sus defectos gramaticàles, deberá estimarse suficiente. Advertido esto, procederemos al estudio de los argumentos del apelante.

■ Sostiene en primer término que no alegándose en la denuncia que las manifestaciones proferidas por el acusado lo fueran *falsamente,* el hecho imputado no puede considerarse comprendido en la sección 1 de la ley.

Sin detenernos a considerar si se emplean o no en la denuncia palabras reveladoras de la falsedad de la imputación, aceptaremos que tiene razón el apelante.

■ Insiste éste en que tampoco es aplicable la sección segunda. Para ello divide la denuncia en dos partes y alega que las palabras *voluntaria y maliciosamente, con intención criminal de exponer al denunciante al descrédito y menosprecio público, hizo manifestaciones públicas,* se refieren únicamente a la primera parte, quedando la segunda, que es la que contiene la verdadera substancia del delito, sin calificación y, por tanto, insuficiente para imputar acción criminal alguna.

Reconociendo, toda la importancia que tiene el signo ortográfico denominado *punto,* indicativo del "fin del sentido gramatical y lógico de un período o de una sola oración", opinamos sin embargo, que estudiada en su integridad la denuncia se concluye que las indicadas palabras usadas antes del primer *punto,* dan color también a los actos imputados después del mismo. No se trata de un punto y aparte y las palabras que le siguen son: "Que entonces". Todo revela un solo acto cometido en el momento, en el sitio y en la forma y con la intención que se indica al principio en la denuncia.

Considerado así el documento, no creemos que exista duda alguna de que contiene hechos bastantes para constituir el delito previsto en la sección 2 de la ley, ya que decir a unos obreros que están en huelga, públicamente, voluntaria y maliciosamente, con intención criminal de exponer

al denunciante al descrédito y menosprecio público, que nada conseguirán mientras tengan líderes como el denunciante que así como se vendió el pasado año por diez mil dólares se venderá en éste por quince mil, es en verdad calumniarlo de la manera que establece la expresada ley, tal como fué interpretada entre otros en los casos de *El Pueblo* v. *García,* 21 D.P.R. 163 y *El Pueblo* v. *Matos,* 35 D.P.R. 899.

Sostiene además el apelante que la denuncia no expresa con la claridad y precisión que exige el estatuto, quién es la persona calumniada. Úsase en la denuncia ciertamente un *con* precediendo a *Mr. Caeles Feltion* que debió ser un *como* y ello introduce alguna confusión, pero el error es tan patente y queda tan subsanado por el contexto de todo el documento, que no puede considerarse como substancial.

Quizá sea conveniente agregar que la sentencia condenatoria dictada lo fué no con motivo de la resolución de la excepción previa sí que después de haberse celebrado un juicio y por el resultado de la prueba practicada en el mismo.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Señor Wolf no intervino.