UNITED PORTO RICAN SUGAR CO. OF PORTO RICO, peticionaria apelada, *v.* ANTONIO CARRASQUILLO ET AL., opositores apelantes.

No. 6326.—*Sometido:* Mayo 8, 1933. *Resuelto:* Mayo 12, 1933.

*José C. Rivera,* abogado de los apelantes; *Walter L. Newsom, Jr.,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En 14 de enero de 1932 se dictó sentencia en este caso declarando sin lugar las oposiciones establecidas. Apelaron los

opositores en 2 de febrero de 1932. La transcripción de evidencia fué radicada en secretaría el día 7 de marzo de 1932, con algunos días de anticipación al vencimiento del término original. Ambas partes apelaron y ambas, de común acuerdo, solicitaron del taquígrafo una sola transcripción de evidencia. La vista para la aprobación de la transcripción se suspendió algunas veces por la corte *motu proprio* y otras a instancias de ambas partes, de común acuerdo, según certifica el secretario de la Corte de Distrito de Humacao. En marzo de 1932 se celebró la última vista para la aprobación de la transcripción de la evidencia y el juez dictó una orden devolviendo dicha transcripción al taquígrafo para que hiciese las enmiendas dentro de un término de quince días a contar desde el 14 de marzo de 1933. Tanto el taquígrafo de la corte como los abogados de ambas partes fueron notificados de dicha resolución por el secretario de la corte de distrito.

Transcurrido el término de quince días concedido por la corte sin que se hubiese radicado en secretaría la transcripción de la evidencia ni solicitado prórroga alguna por el taquígrafo de dicha corte ni por la parte opositora para radicarla, la demandante ha solicitado de esta corte que se desestime el recurso de apelación.

Los opositores alegan que han sido diligentes en la tramitación de esta apelación, dando mucho énfasis al hecho de que ambas partes apelaron de la sentencia de la corte y ambas solicitaron por estipulación una sola transcripción de la evidencia para ambos recursos. El hecho de que la demandante no haya sido diligente en tramitar la apelación interpuesta de su parte, no tiene nada que ver con la diligencia que debe desplegar la otra parte para perfeccionar su apelación. Ésta es una cuestión que podrá ser ventilada más tarde, si los opositores solicitan que se desestime el recurso interpuesto por la demandante, sobre la base de que ésta no ha ejercitado la debida diligencia. Alegan los opositores que no fueron notificados en tiempo y forma legales con copia fiel y exacta de la orden de la corte fechada

en 14 de marzo de 1933. El secretario de la corte de distrito certifica que los abogados de ambas partes fueron notificados de dicha orden el mismo día 14 de marzo en que fué dictada. No estaba obligado el secretario a llevar a cabo esta notificación. En cuanto a este particular el abogado es un funcionario de la corte como el secretario. Se presume que el abogado asiste a la corte y es su deber enterarse de la marcha de sus casos. *Guardian Insurance Co.* v. *López Acosta,* 24 D.P.R. 64. En este caso el abogado de los opositores asistió a la vista que se celebró para la aprobación de la transcripción de evidencia. Dado el número de las enmiendas que en dicha vista se adoptaron, era evidente que el taquígrafo necesitaba algún tiempo para radicar la transcripción de la evidencia. El abogado ha debido desplegar la debida diligencia para enterarse del plazo concedido al taquígrafo, si es que no estaba enterado y que no fué notificado a raíz de dictarse la orden como certifica el secretario. Afirma el abogado que la orden le fué notificada el mismo día que venció el término y que no se hizo constar en la copia de la misma que recibió el número de días de que constaba dicho término. Ya hemos dicho que el secretario no tiene la obligación de notificar una orden de esta naturaleza, y que el abogado ha debido desplegar la debida diligencia para conocer la orden que inevitablemente había de dictarse concediendo al taquígrafo un plazo para transcribir la evidencia.

Alega el abogado que en 16 de marzo de 1933 escribió al taquígrafo instándole a actuar con diligencia en el trabajo confiádole, porque conocía sus múltiples obligaciones. Añade que en 24 de marzo volvió a escribir al secretario porque todavía carecía de informes sobre el particular y que ni el taquígrafo ni el secretario le contestaron una palabra.

El taquígrafo declara que fué notificado de la resolución en la misma fecha en que fué dictada, que estaba entonces sumamente ocupado con diversos asuntos que debía terminar y que requerían su inmediata atención, que las correcciones

que debía hacer de acuerdo con la orden del juez eran numerosas y requerían un término suficientemente amplio para poder ultimarlas, que se le notificó durante el término criminal de la corte de distrito, que ha sido uno de los más laboriosos que ha tenido como taquígrafo y que estaba sumamente ocupado. Agrega que en 17 de marzo de 1933 recibió una carta del abogado de los opositores solicitando informes de este incidente, con una tarjeta postal que debía devolver cuanto antes, y que en 24 de marzo del mismo año, o alrededor de dicho día, volvió a recibir otra tarjeta del abogado de los opositores, solicitando más informes, pero que el torbellino de preocupaciones de aquellos días en su oficina no le permitió contestar al abogado.

La negligencia del taquígrafo es a nuestro juicio manifiesta. El exceso de trabajo no le impedía solicitar una prórroga para radicar la transcripción de evidencia. Precisamente cuando las ocupaciones del taquígrafo no le permiten transcribir la evidencia dentro del término señalado es que se solicitan prórrogas. No obstante este funcionario permaneció inactivo a pesar de las cartas que dice haber recibido del abogado y que debieron servirle de recordatorio. En cuanto al abogado, si realmente recibió notificación de la orden de 14 de marzo, como certifica el secretario, no necesitaba informarse de lo que ya conocía. Si no fué notificado, como alega, hasta el último día, parece natural que al ver que el taquígrafo y el secretario no contestaban sus cartas, tratara de obtener personalmente la información que deseaba. En el caso de *Guardian Insurance Co.* v. *López Acosta,* supra, esta corte dijo que es una idea errónea la de que un abogado tiene el derecho de confiar en un secretario o márshal fuera de la corte en lo que respecta a una información o notificación relativa a sus casos. Dicha confianza es cuestión de conveniencia particular, pero no es un derecho del abogado.

 ▮ Los opositores han presentado una moción acompañada de un *affidavit* de méritos solicitando de esta corte que

se les conceda un nuevo término para ultimar los trámites de la apelación en la corte inferior. Fueron dos las oposiciones formuladas contra la información de dominio y a ella se refieren los apelantes designando a una parte con el nombre de hermanos Carrasquillo y a la otra con el nombre de hermanos Díaz. Alegan los opositores que tienen una buena y justa causa contra la referida información, que son dueños y lo eran desde 1889, con título inscrito en el registro de la propiedad, de la finca original que ha venido recibiendo el beneficio del acrecentamiento paulatino por el efecto de la corriente del río, que ha sido siempre la colindancia. Esto en cuanto a la oposición de los hermanos Carrasquillo. En cuanto a los hermanos Díaz, se alega que éstos son dueños actualmente y antes lo eran sus causantes desde 1889, de la parcela objeto de su reclamación.

Esta moción fué contestada por la parte apelada, quien a su vez transcribe las conclusiones y fundamentos de la corte inferior para dictar su fallo.

Se trata de una cuestión de hecho. Los opositores alegan que la corte inferior cometió manifiesto error en la apreciación de la prueba. En su moción arguyen que los hermanos Carrasquillo fundan su reclamación en el derecho de aluvión por accesión y los opositores, hermanos Díaz, en un derecho de propiedad sobre una parcela de terreno que según sus alegaciones estuvo en posesión de los causantes de la peticionaria en virtud de un contrato de arrendamiento.

En cuanto a la adquisición del dominio del terreno por accesión paulatina, el juez sentenciador que oyó la prueba y practicó una inspección ocular, declara, en una laboriosa opinión, que las variaciones del cauce del río Gurabo no fueron la obra lenta y paulatina del natural discurrir de sus aguas, sino obra de las avenidas del río. Añade la corte inferior, que don Juan Cruz Carrasquillo, causante de los opositores, reconoció expresamente el título del causante de la promovente sobre el predio objeto de la oposición y expone con claridad los hechos en que se basa para llegar a esta conclusión.

En cuanto a la oposición de los hermanos Díaz, se alegó que los causantes de éstos, Juan Francisco y Andrés Díaz, arrendaron al causante de la promovente, mediante un contrato verbal, por tiempo indeterminado y por la suma de $100 anuales, sesenta y siete cuerdas de terreno que reclaman, quedando de parte del arrendatario la obligación de pagar las contribuciones, como en efecto lo hizo hasta su muerte, ocurrida en 1919. Declara la corte inferior que del testimonio oral resulta que desde el año 1918 los opositores han permanecido absolutamente inactivos sin la posesión de sus alegadas sesenta y siete cuerdas de terreno, poseídas según su propia alegación por la peticionaria y sus causantes desde dicha fecha hasta la actualidad, sin que tampoco se haya satisfecho el pago del arrendamiento que alegan. También dice la Corte inferior que no se presentó documento alguno en relación con los títulos de Andrés y Juan Francisco Díaz, aunque con respecto a este último se dijo que el título se acabó de deshacer durante el reciente pasado ciclón de "San Felipe".

Se probó además, a juicio de la corte, "que desde hace más de treinta años, tanto la promovente como sus causantes vienen poseyendo quieta, pública y pacíficamente, a título de dueños y sin interrupción alguna, la finca principal descrita en el expediente."

Éstos son los fundamentos que tuvo la corte inferior para dictar su sentencia. Los opositores únicamente alegan que hubo error manifiesto en la apreciación de la prueba. Nosotros, después de haber leído la moción de los apelantes, así como el *affidavit* de méritos que la acompaña, y las conclusiones establecidas por la corte inferior en la apreciación de la prueba, opinamos que no es éste un caso en que esta corte debe ejercer su discreción para conceder un nuevo término a los opositores apelantes.

*Por las razones expuestas, debe desestimarse el recurso de apelación interpuesto.*