EL PUEBLO DE PUERTO RICO, demandanté y apelado, *v.* José LUIS TORREGROSA, acusado y apelante.

Núm. 8336.—*Sometido:* Noviembre 7, 1940. *Resuelto:* Diciembre 18, 1940.

B. *Fernández García* y *Angel M. Torregrosa,* abogados del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Contra el acusado apelante se formuló denuncia por delito de injuria y calumnia, imputándosele haber pronunciado desde la tribuna pública, voluntaria y maliciosamente, las siguientes palabras:

"... Que los marinos de los barcos de guerra eran unos presidiarios y que hacían de nuestras mujeres unas prostitutas llenando los cabarets en San Juan; que cuando venía un barco de turistas a Puerto Rico, se veían las turistas desembarcar casi desnudas con un pañuelo por vestido y que eran tan hábiles que de un pañuelo hacían un vestido; que eran unas prostitutas y que él lo podía probar; que el coronel de la policía Sr. Enrique de Orbeta y el Jefe de la Policía de Ponce Sr. Felipe Blanco se habían cruzado telegramas planeando la *massacre* y asesinatos de Ponce; que más tarde fué sancionadó por el Gobernador de Puerto Rico Sr. Blanton Winship, premiando los guardias asesinos y aumentándoles el sueldo; que el verdadero terrorista de Puerto Rico era el Gobernador Blanton Winship por-

que había premiado los asesinos, aumentándoles sueldos y ascendiéndolos.''

Se alega en la denuncia que dichas manifestaciones son falsas y que fueron hechas en deshonra y menosprecio de las personas en ellas mencionadas y con la intención aviesa de exponer a dichas personas al ridículo público.

El acusado formuló excepción perentoria a la denuncia, alegando en substancia:

1. Que las palabras referentes a los marinos y a las turistas no constituyen delito ni causa posible de injuria y calumnia, ya que no se hace referencia a ninguna persona natural o jurídica, y debido a que los nombres de los presuntos perjudicados no pueden relacionarse con las imputaciones generales que contiene la denuncia.

2. Que las manifestaciones que se le atribuyen, referentes al coronel Orbeta, al capitán Blanco y al Gobernador Winship carecen de certeza ''positiveness,'' porque no pueden ser las palabras exactas pronunciadas por persona alguna. Su redacción en forma de relato, no lleva al ánimo ni a la conclusión de un talento común la cita exacta que se exige en acusaciones por calumnia.

3. Que del texto de la denuncia no aparece que los presuntos perjudicados estuviesen ''presentes o ausentes'' mientras se hacían las supuestas manifestaciones.

4. Que en la denuncia no se alega que las manifestaciones se hicieran ''para deshonrar y menospreciar a los presuntos perjudicados ante la opinión de los allí presentes en el dicho acto.''

5. Que la denuncia no imputa al acusado un delito público, puesto que las alegadas manifestaciones injuriosas no son susceptibles de ser interpretadas en el sentido de que ellas pudieran imputar un delito a los supuestos perjudicados.

6. Que en la denuncia no se citan las palabras exactas, tal y como hubieron de salir de labios del acusado.

7. Que la denuncia imputa más de un delito.

Desestimada la excepción perentoria y visto el caso ante la Corte de Distrito de Guayama, el acusado fué declarado culpable y condenado a pagar una multa de $25 más las costas. Y no estando conforme apeló.

No existe controversia alguna en cuanto a la prueba, excepto la alegación de insuficiencia que hace el apelante. Se

señalan como errores de la corte sentenciadora (1) haber desestimado la excepción perentoria a la acusación y (2) haber declarado sin lugar la excepción en contra de la suficiencia de la prueba.

Convenimos con el apelante en que la primera parte de la denuncia, o sea la referente a los marinos y a las turistas, no imputa la comisión de delito alguno. Para que exista el delito de calumnia e injuria (*slander*) es necesario que las palabras injuriosas o la imputación falsa se refieran a otra persona natural o jurídica. En el presente caso, los conceptos proferidos por el acusado no se refieren a un marino o a una turista determinada. *El Pueblo* v. *Santos,* 24 D.P.R. 64.

Eliminadas las palabras referentes a los marinos y turistas, veamos si el resto de la denuncia aduce hechos suficientes para constituir un delito de calumnia e injuria.

La ley para definir y castigar el delito de calumnia e injuria (*slander*), aprobada en 9 de marzo de 1911 (Código Penal, 1937, pág. 173), dispone:

"Sec. 1. CALUMNIA, DEFINICIÓN. Se entiende por calumnia toda falsa y maliciosa imputación hecha de palabra y públicamente contra otra persona natural o jurídica, imputándole la comisión de hecho constitutivo de delito.

"Sec. 2. OTRA DEFINICIÓN. Entiéndese también por calumnia toda palabra o concepto proferido maliciosa y públicamente en deshonra, descrédito, menosprecio de otra persona natural o jurídica.

"Sec. 3. CONSTITUYENTES DEL DELITO. Se presumirá maliciosa y será calumnia procesable toda expresión calumniosa hecha públicamente en presencia o en ausencia de la persona agraviada."

La denuncia alega y la prueba sostiene, que en un mitin público, en el que había presentes más de cien personas, el acusado, dirigiéndose al público allí congregado, imputó al Sr. Enrique de Orbeta, Coronel de la Policía Insular y al Sr. Felipe Blanco, Jefe de dicho cuerpo en la ciudad de Ponce, haber planeado "la massacre y asesinatos de Ponce";

y que en el mismo acto el acusado imputó al Sr. Blanton Winship, Gobernador de Puerto Rico, haber sancionado la comisión de dicha massacre y asesinatos, premiando a los asesinos y aumentándoles el sueldo. Es indudable que los hechos cuya comisión se imputó por el acusado a los mencionados funcionarios públicos son hechos constitutivos de delito. De ser ciertas las imputaciones proferidas por el acusado, dichos funcionarios serían culpables, los dos primeros como coautores y el último como cómplice de un delito de asesinato.

■ No erró la corte inferior al tomar conocimiento judicial de que "la massacre y asesinatos de Ponce" a que se refirió el acusado en su discurso era el lamentable suceso ocurrido en la ciudad de Ponce el día 21 de marzo, o sea el Domingo de Ramos, de 1937, en el que perdieron sus vidas miembros de la Policía Insular, jóvenes afiliados al Partido Nacionalista y aun inocentes espectadores. El hecho fué objeto de intensa y prolongada publicidad, siendo calificado por una parte de la prensa y de la opinión pública como una "massacre" o asesinatos en masa cometidos por la policía; y por la prensa y opinión contrarias como un hecho legalmente justificado. La corte inferior no podía ignorar hechos que son de pública notoriedad y que desgraciadamente constituyen una página luctuosa en nuestra historia contemporánea. El juez, en el desempeño de sus funciones, no está obligado a asumir un grado de ignorancia tal que sería imperdonable en él en su carácter privado. *El Pueblo* v. *López,* 23 D.P.R. 114–116; *Jarvis* v. *Robinson,* 21 Wis. 523, 526, 530, 94 Am. Dec. 560; *Amos* v. *Moseley,* L.R.A. 1918C, 482; *Brass* v. *Texarkana etc., R. Co.,* 218 S. W. 1040; *Hurst* v. *Chicago, etc. R. Co.,* 219 S. W. 566.

■ No existe duplicidad en la denuncia. Desestimada como lo fué por insuficiente la parte referente a los marinos y turistas, la denuncia imputa al acusado un solo delito, el de haber imputado falsa y maliciosamente a tres personas distintas la comisión de hechos constitutivos de un delito.

*El Pueblo* v. *Collazo,* 20 D.P.R. 203, y *El Pueblo* v. *Vázquez,* 20 D.P.R. 361.

Hemos examinado la prueba y a nuestro juicio ella es suficiente para justificar la sentencia.

*El recurso debe ser desestimado y confirmada la sentencia apelada.*