EL PUEBLO, DEMANDANTE Y APELADO, *v.* COLLAZO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en una causa por alteración de la paz pública.

No. 660.—Resuelto en marzo 27, 1914.

ALTERACIÓN DE LA PAZ Y CALUMNIA—DUPLICIDAD DE CARGOS EN LA DENUNCIA.— Cuando, como ocurre en el artículo 368 del Código Penal, la ley castiga como delito el hacer alguna de las varias cosas que menciona disyuntivamente, todas o algunas de ellas pueden ser imputadas conjuntamente sin que por eso adolezca la denuncia del defecto de duplicidad.

PRISIÓN ALTERNATIVA—COMPUTACIÓN DEL TÉRMINO EN DEFECTO DEL PAGO DE LA MULTA.—No puede imponerse al acusado la pena de multa debiendo sufrir prisión de sesenta días en defecto de pago, sino que la prisión deberá ser a razón de un día por cada dólar que de la multa dejare de satisfacer, que en este caso no excederá de sesenta días.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogado del apelante: *Sr. Manuel A. Martínez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Narciso Collazo ha interpuesto el presente recurso de apelación contra la sentencia del Tribunal de Distrito de Gua-

yama que le condenó a pagar cien pesos de multa y en su defecto a cumplir sesenta días de cárcel con las costas. No ha presentado exposición del caso, pliego de excepciones ni alegato escrito ni oral y la única cuestión que surge de la transcripción es la excepción perentoria que el apelante opuso contra la denuncia, la que fué declarada sin lugar por el tribunal inferior.

En la denuncia se imputa al apelante por la señora que la suscribió y juró, que yendo en compañía de otras señoras y de niños por las calles de Guayama, el apelante la provocó y a sus amigas y dirigiéndose a la denunciante usó palabras obscenas, diciéndole además que su esposo era un canalla y un sin vergüenza y que se había vendido a los republicanos entregando los documentos de un pleito.

El fundamento de la excepción fué que la denuncia comprende dos delitos, uno de ·alteración de la paz y otro de calumnia.

El delito denunciado es claramente el de alteración de la paz cometido por las provocaciones a la señora denunciante al pronunciar palabras injuriosas contra su esposo y por las palabras obscenas pronunciadas en la vía pública en presencia de señoras y niños. Aunque no encontramos en la denuncia palabras·constitutivas de calumnia, si las hubiera, no por eso dejaría de existir el delito de alteración de la paz, pues serían constitutivas también de conducta ofensiva para la esposa. del calumniado. Cuando, como ocurre con el artículo 368 del Código Penal, la ley castiga como delito el hacer alguna de las varias cosas que menciona disyuntivamente, todas o alguna de ellas pueden ser imputadas conjuntamente. *Marshall* v. *The State,* 123 Ind., 128.

La excepción perentoria fué propiamente denegada y no vemos motivos para revocar la declaración de culpabilidad. Sin embargo, hemos de modificar la condena.

Impuesta al apelante la pena de cien pesos de multa, no puede sufrir en defecto de pago la prisión de sesenta días de cárcel sino la de un día por cada peso que dejare de satis-

facer, sin que el arresto exceda de los sesenta días que fijó el juez inferior en su sentencia. *El Pueblo* v. *Muñoz; El Pueblo* v. *Curet;* y *El Pueblo* v. *Rivera,* 16 D. P. R., 765, 787 y 803 respectivamente.

La sentencia apelada debe ser confirmada con la modificación expresada.

*Modificada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.