FLORENTINO AGUAYO, padre con patria potestad sobre su hija menor Julia Aguayo, demandante y apelante, *v.* EL MUNICIPIO DE SAN JUAN, demandado y apelado.

No. 3796.—*Visto:* Marzo 5, 1926.   *Resuelto:* Abril 30, 1926.

1. CORPORACIONES MUNICIPALES—USO Y REGLAMENTACIÓN DE SITIOS PÚBLICOS, PROPIEDADES Y OBRAS—CALLES Y OTROS CAMINOS—USO DE LAS CALLES—CUIDADO REQUERIDO EN EL USO DE LAS MISMAS.—El conductor de un automóvil no está obligado a tocar bocina constantemente al correr por la calles de una ciudad populosa a no ser para avisar a la gente o vehículos que ve en la calle o están tratando de cruzar.

2. CARRETERAS (*Highways*)—REGLAMENTACIÓN Y USO PARA EL TRÁNSITO—USO DE LA CARRETERA Y LEY DEL CAMINO (*Law of the Road*)—CUIDADO REQUERIDO DE AQUELLOS QUE LA USAN—OCUPACIÓN DE CUALQUIER PARTE DEL CAMINO—CUÁNDO NO CONSTITUYE NEGLIGENCIA ACCIONABLE. — Generalmente no constituye negligencia accionable que un conductor ocupe cualquier parte del camino cuando no está pasando por su frente en cualquier dirección ningún vehículo o persona.

3. NEGLIGENCIA—ACTOS U OMISIONES CONSTITUTIVOS DE NEGLIGENCIA—CONDUCTA PERSONAL EN GENERAL—PERSONAS EN SITUACIÓN DE INMINENTE PELIGRO—EN GENERAL.—Uno que viaja a una velocidad permisible no es responsable por el daño que cause a un niño que súbitamente se lanza frente a su vehículo.

4. PATRONO Y EMPLEADO—RESPONSABILIDAD POR DAÑOS A TERCERAS PERSONAS—ACTOS U OMISIONES DEL EMPLEADO—ACTOS NEGLIGENTES DEL EMPLEADO.—

En este caso se ejercitó acción contra un municipio por la negligencia de un empleado al conducir un carro perteneciente a aquél. *Se resolvió:* que no demostrando la demanda ni la prueba que el acto del empleado pudiera considerarse como del principal, éste no podía ser responsable, especialmente en ausencia de alegación y prueba de que el empleado usaba el carro en relación con algunos de los deberes que tenía para con dicho municipio o que estaba en asuntos de la ciudad, o que un funcionario autorizado del municipio viajara en el carro.

5. APELACIÓN Y ERROR—REVISIÓN — ERRORES NO PERJUDICIALES — ADMISIÓN DE PRUEBAS NO OBSTANTE OBJECIÓN—PRUEBA CUYA ADMISIÓN PUEDE ESTAR JUSTIFICADA POR LEY.—Admitido escrito conteniendo manifestaciones anteriores contradictorias de un testigo no obstante el fin vago con que se presentó, si además de poder estar justificada la admisión por virtud del artículo 158 de la Ley de Evidencia, el contenido todo del escrito ya había sido considerado por la corte, el error en su admisión, de existir, se resolvió no es perjudicial.

SENTENCIA de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), declarando sin lugar la demanda, con costas. *Confirmada.*

*José N. Quiñones,* abogado del apelante; *Fernando B. Fornaris,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La Corte de Distrito de San Juan al dictar su sentencia en este caso declaró probado que el accidente en virtud del cual fué arrollada la demandante por un automóvil del demandado fué un hecho fortuito y desgraciado debido a la actitud de la niña Julia Aguayo, cuando súbitamente trató de cruzar la carretera corriendo frente a dicho automóvil; que el choque fué inevitable, no obstante las precauciones que el conductor del vehículo tomó.

Nosotros, a nuestra vez, opinamos que en vista de la prueba la corte tenía derecho a creer que cuando el automóvil del demandado iba por las calles de Bayamón la niña demandante corrió súbitamente hacia el frente del automóvil; que el conductor del demandado trató de evitar el accidente haciendo zigzags en sus tentativas con tal fin.

Los cuatro primeros señalamientos de error se refieren a la apreciación de la prueba por la corte sentenciadora. No podemos ver que el demandado fuera negligente por no sonar su bocina o debido a la velocidad con que corría, ni

siquiera por no mantenerse a la distancia suficiente a la derecha de la carretera. Respecto a todos estos particulares no hubo prueba suficiente para variar la conclusión de la corte inferior.

[1] En cuanto al deber de dar aviso sostenemos como cuestión de derecho que un conductor de un automóvil no tiene ninguna obligación de tocar su bocina constantemente al correr por las calles de una ciudad populosa a no ser que sea para avisar a la gente que ve o que están tratando de cruzar, y lo mismo acerca de los vehículos. Generalmente entre cruces es una especie de estorbo (*nuisance*) el tocar continuamente la bocina a menos que sea para avisar a alguien que está a la vista en la calle o que hace señal de que va a cruzar.

[2, 3] En este caso la prueba tendió a mostrar que el conductor ocupaba el centro del camino. Generalmente no constituye negligencia accionable que un conductor ocupe cualquier parte del camino cuando no está pasando en cualquier dirección por su frente ningún vehículo o persona. También es ley establecida que un demandado que viaja a una velocidad permisible no es responsable por el daño que cause a un niño que súbitamente se lanza frente a un vehículo.

[4] Este fué un pleito contra el Municipio de San Juan por la negligencia de un empleado que conducía un carro perteneciente al municipio. Aunque ninguna de las partes lo ha notado, no hubo nada en la demanda ni en la prueba que demuestre que el demandado usaba el carro en relación con alguno de los deberes que tenía para con dicho municipio; ni que estaba en asuntos de la ciudad de San Juan. La prueba, en verdad, tendió más bien a indicar que el domingo en que ocurrió el accidente los ocupantes del carro salieron a paseo. Dentro de las circunstancias no vemos cómo podía ser sentenciada por daños y perjuicios la ciudad de San Juan. Como no se probó nada acerca de la naturaleza del automóvil o del negocio del demandado, surge la

cuestión de si podía el Municipio, en todo caso, ser responsable a no ser que por lo menos se probara que un funcionario autorizado del municipio viajaba en el carro para que el acto del empleado pudiera considerarse como del principal.

[5] El quinto señalamiento de error hace referencia a la indebida admisión como prueba de un documento escrito que representaba ser la declaración o admisión de uno de los principales testigos de la demandante. Mientras declaraba esta testigo se le puso de manifiesto una declaración más o menos contradictoria que ella había prestado a uno de los agentes de la compañía de seguros que defendía el caso. La declaración por escrito fué admitida como prueba y se alega como error esta admisión.

El artículo 158 de la Ley de Evidencia prescribe que un testigo podrá ser tachado por la parte contra quien fué llamado, mediante evidencia contradictoria. La dificultad en este caso es que al ofrecerse la declaración por escrito el demandado manifestó que la ofrecía no porque el testigo había negado el contenido de la misma, sino como una explicación· espontánea por su parte. La manifestación del abogado fué algo vaga, pero la actuación de la corte puede estar justificada por virtud de dicho artículo 158, y en vista del hecho de que todo el contenido del escrito ya había sido considerado por la corte, el error, de existir alguno, no era perjudicial.

*Debe confirmarse la sentencia apelada.*