José Cabrera, en representación de su menor hijo Pedro Juan Cabrera, demandante y apelado, *v.* Juan Luis Boscio, demandado y apelante.

No. 4134.—*Visto:* Noviembre 22, 1927. *Resuelto:* Mayo 31, 1928.

*R. V. Pérez Marchand,* abogado del apelante; *E. Arjona Siaca,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

José Cabrera en representación de su hijo menor de edad Pedro Juan Cabrera, demandó a Juan Luis Boscio en reclamación de dos mil dólares por los daños y perjuicios que el demandado causara al menor al arrollarlo con su automóvil en la tarde del 27 de noviembre de 1925, en la ciudad de Ponce, y lanzarlo violentamente al suelo produciéndole graves contusiones en el brazo derecho y el cráneo y la fractura de la pierna derecha. Se imputa negligencia al demandado consistente en guiar el vehículo a gran velocidad, sin tocar claxon, sin ir por su derecha, sin tener en cuenta lo poblado del lugar y la proximidad del cruce de la calle de la Villa en que ocurrió el accidente con el sitio denominado Coto Sucio.

Alegó el demandado la excepción de que la demanda no aducía hechos suficientes para determinar una causa de acción y su excepción fué declarada sin lugar concediéndosele un término para archivar su contestación.

Como así no lo hiciera, el demandante obtuvo que su rebeldía fuera anotada. Pidió el demandado la apertura y la corte a virtud de las razones alegadas y de la prueba ofrecida y practicada, la decretó.

Fué el pleito a juicio practicándose una amplia prueba y dictándose finalmente sentencia concediendo lo pedido en la demanda, así:

"Por tanto: La Corte, de acuerdo con el resultado de la evidencia practicada y en consonancia con su opinión dada y unida a los autos, dicta sentencia declarando como declara con lugar la demanda y en su consecuencia condena al demandado Juan Luis Boscio a pagarle al demandante Pedro Juan Cabrera, representado por su padre don José Cabrera, la suma de dos mil dollars ($2,000.00), importe de los daños y perjuicios causados por dicho demandado al demandante mencionado, cuya cantidad de $2,000.00, debe ser depositada en esta Corte para ser invertida en beneficio del menor de acuerdo con el Ministerio Fiscal y padres del referido menor, en fincas que produzcan rentas para vivir, educarse y suplir sus deficiencias naturales, a causa del accidente sufrido, el menor Pedro Juan Cabrera, todo ello con costas, desembolsos y honorarios de abogado.''

No conforme el demandado interpuso el presente recurso de apelación señalando en su alegato la comisión de nueve errores. Los indicados con los números 3, 4, 5 y 6 constituyen uno solo. El noveno los comprende todos, quedando por tanto resuelto al decidirse los demás.

Los abogados de las partes no informaron en el acto de la vista. Sometieron su caso por medio de sus alegatos escritos.

Si bien es verdad que lo esencial es el récord y que un completo y bien documentado y razonado alegato por cada parte interesada es lo imprescindible, no puede negarse que los informes orales tienen una gran importancia. No es necesario que sean largos y se traten en ellos al detalle todas las cuestiones envueltas como en los alegatos escritos, pero brindan una espléndida oportunidad para llamar la atención a todos los miembros del tribunal sobre todas las cuestiones envueltas presentando con mayor énfasis aquellas de mayor relieve e influencia en la decisión del litigio. Y así cuando el caso se examina inmediatamente en la sala de consultas o cuando turnado a uno de los jueces para un estudio especial es sometido por él en dicha sala a sus demás compañeros y se discuten sus méritos, todos los jueces se encuentran en condiciones de intervenir sin demora, a conciencia de que pueden formar en el acto su criterio en la seguridad de

haber oído directamente a las partes por sus más genuinos y hábiles defensores.

■ Examinemos el primer error. Se sostiene por la parte apelante que la demanda es insuficiente porque basándose en el art. 60 del Código de Enjuiciamiento Civil tal como quedó enmendado por la ley No. 77 de 1921 no se alega en ella que el menor Pedro Juan Cabrera vive bajo el mismo techo con su padre y está bajo su protección y amparo.

En la demanda se alega que el demandante José Cabrera, mayor de edad, casado, industrial y vecino de Ponce, comparece como padre con patria potestad sobre su menor hijo Pedro Juan Cabrera, y esto es suficiente a nuestro juicio.

"Los artículos 60 y 61 del Código de Enjuiciamiento Civil no son la fuente original de la concesión de daños por muerte causada por un acto ilegal sino los arts. 1803 y 1804 del Código Civil," se resolvió por esta corte en el caso de *Orta* v. *P. R. Railway Light & Power Company,* 36 D.P.R. 743, y el principio incluye daños a la persona ocasionados por culpa o negligencia de otra.

Los artículos 1803 y 1804 citados forman parte de un cuerpo legal que contiene este otro precepto:

"Art. 223.—El padre y la madre tienen, respecto de sus hijos no emancipados:

"1. El deber de alimentarlos, tenerlos en su compañía, educarlos e instruirlos con arreglo a su fortuna, y representarlos en el ejercicio de todas las acciones que puedan redundar en su provecho.

    *     *     *     *     *     *     ● "

Siendo ello así, estando el padre obligado a representar a su hijo en el ejercicio de todas las acciones que puedan redundar en su provecho, y siendo la acción aquí ejercitada en provecho del hijo, lo alegado es bastante. Los términos en que quedó redactada la sentencia no dejan lugar a dudas de ningún género.

■ El segundo error carece de mérito. Es cierto que la demanda no está jurada, que la contestación lo está y que la

corte sentenciadora dijo en su opinión que ambas alegaciones estaban juradas. Se trata de un simple error de la corte sin influencia en la decisión del litigio. Cuando la demanda se jura, entonces sí que el debate tiene que continuar en la forma que se plantea. Pero ningún demandante está obligado a jurar una demanda ordinaria reclamando daños y perjuicios. Puede hacerlo o no, según lo estime procedente. Y si el demandado opta por presentar su contestación bajo juramento, no altera la situación del demandante. Aquí el hecho de aparecer jurada la contestación se debió al incidente sobre apertura de rebeldía a que nos hemos referido.

Los errores tercero, cuarto, quinto y sexto constituyen como hemos indicado en realidad de verdad uno solo. Se sostiene en diferentes formas y a virtud de varias manifestaciones contenidas en la opinión emitida por el juez sentenciador que no pudo dictarse sentencia condenando al demandado a pagar al demandante la suma reclamada porque éste no probó en el juicio que fuera el padre del menor lesionado.

La parte apelada admite que durante el juicio no se presentó prueba sobre el extremo indicado, pero sostiene que la condición de padre del demandante quedó establecida y hasta admitida por la propia parte apelante en el incidente sobre apertura de rebeldía.

No es necesario que investiguemos si tiene o no razón la parte apelada, para decidir que el error no existe. Basta examinar las alegaciones.

El hecho primero de la demanda dice:

"1:—Que el demandante José Cabrera es mayor de edad, casado, industrial, vecino de Ponce, y comparece en esta acción como padre con Patria Potestad sobre su menor hijo Pedro Juan Cabrera; el demandado es Juan Luis Boscio, mayor de edad, casado, comerciante y vecino de Ponce, P. R.; teniendo ambas partes la necesaria capacidad legal para demandar y ser demandados."

Luego bajo los números 2 al 7 se alegan los hechos de los cuales surge la causa de acción ejercitada, a saber: el

accidente, la conducta del demandado y las lesiones y sufrimientos del menor.

La contestación se formuló así:

"Comparece ahora el demandado Juan Luis Boscio, por su abogado que suscribe y, contra la querella del actor expone y dice:

"Que el demandado niega todos y cada uno de los hechos aquí alegados como causa de acción por el demandante."

Luego sigue cierta alegación de "materia nueva constitutiva de defensa" en la que se sostiene que el demandado no fué negligente y que si el accidente ocurrió, se debió a la negligencia del menor o a algo que no pudo evitarse.

Prescindiendo de la confusión que introducen las palabras "aquí alegados" que usa en su negativa el demandado y aceptando que se refieran a los hechos alegados en la demanda, y que "aquí" indique el pleito se observa que sólo se niegan los hechos alegados "como causa de acción por el demandante."

Siendo ello así, el primer hecho de la demanda que en modo alguno se refiere a la causa de acción, quedó admitido y por tanto el demandante relevado de probarlo en el acto del juicio.

El séptimo error se refiere al cometido a juicio del apelante por la corte al apreciar la prueba sobre la forma en que ocurrió el accidente.

Hemos examinado cuidadosamente toda la evidencia. Es contradictoria. El conflicto fué resuelto por la corte en contra del demandado y no sólo no se ha demostrado pasión, prejuicio, parcialidad o error manifiesto por parte de la corte, si que después del examen la conciencia del juzgador queda convencida de que la conclusión a que llegara es la única justa y procedente.

No sólo hay un testigo, un *chauffeur* que se encontraba parado cerca del sitio en que ocurrió el suceso, que declara sobre la velocidad a que iba el demandado guiando su carro, sin tocar claxon y por el sitio indebido, si que compareció

el policía que estaba cerca, de guardia, y se expresó como sigue:

"R.—Pues me encontraba prestando yo servicios en la calle de la Villa y un señor que responde al nombre de Rafael—no sé el apellido—me estaba dando conocimiento en ese momento de un gabán que le habían cogido de la casa la noche anterior; en ese momento pasaba Juan Luis Boscio guiando un automóvil e iba a una velocidad . . . . No puedo decir porque yo no iba detrás; yo no sé si llevaba cierto número de millas, pero me impresionó.—P.—Pero se impresionó?—R.—Iba a una velocidad bastante . . .—P.—Pero, bastante qué?—R.—Una velocidad bastante avanzada; y al mismo tiempo, sabe, yo le dije: 'Mire, como va ese carro.' Y al momento, el accidente, y ví cuando el carro, sabe, le pasó por encima a un muchachito.—P.—Oyó usted tocar claxon a ese carro?—R.—Yo no sentí claxon ninguno.—P.—O alguna otra señal de alarma que no fuera claxon?—R.—Ninguna."

Y el hombre a quien se refiere el policía declaró en los siguientes términos:

"R.—Estando yo frente al policía dándole cuenta de haberme faltado un gabán que me llevaron a mí, pues, venía este señor (refiriéndose al demandado Sr. Juan Luis Boscio), en un carro a una velocidad muy grande; entonces don Luis me llamó la atención a él según la velocidad que llevaba, y entonces él no paró, siguió, y más adelante estaba un chiquito que se llama Pedro Juan Cabrera parado en la izquierda, y con la rueda delantera, de alante, se ha llevado al chiquito, y ha caído éste así: del lado izquierdo, y la ha pasado por encima de una pierna, de la pierna derecha."

Por el octavo error se sostiene que la corte no tuvo base para declarar probado que una radiografía demostraba que el menor tenía la pierna derecha completamente fracturada como consecuencia del accidente.

Para decidir que no existe bastará transcribir lo que sigue de la declaración del doctor Antonio Mayoral prestada en el acto del juicio. Es así:

"P.—Allá para el veintisiete de noviembre de mil novecientos veinticinco era usted el radiólogo del hospital Santo Asilo de Damas de Ponce?—R.—Lo era.—P.—En el ejercicio de su profesión

como tal radiólogo tomó usted alguna radiografía en algún miembro del cuerpo de un niño llamado Pedro Juan Cabrera?—R.—Las tomé. —P.—Usted pudo comprobar exactamente después de la radiografía las lesiones recibidas?—R.—Sí.—P.—Cuál fué el resultado?—Cuál fué el diagnóstico de usted?—R.—Fractura completa del tercio inferior del hueso de la pierna derecha.—P.—De acuerdo con la radiografía el niño tenía? . . .—R.—El tercio inferior de la pierna derecha completamente fracturado."

No era absolutamente necesario que se presentara la radiografía. Tampoco la circunstancia de que el propio doctor declarara después que a un miembro fracturado y soldado por el proceso natural le queda el mismo valor fisiológico que antes de la fractura y que en su práctica ha tenido oportunidad de observar que años después no se encuentra "ni donde estuvo la fractura," no destruye el hecho de la existencia real de la fractura. La primera parte de la declaración versó sobre el hecho mismo. La segunda sobre la consecuencia que el hecho pudiera tener en el futuro.

*Por virtud de todo lo expuesto debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Sr. Texidor no intervino.