EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ N. RODRÍGUEZ, acusado y apelante.

No. 3544.—*Sometido:* Noviembre 21, 1928. *Resuelto:* Julio 23, 1929.

*Luis Toro Cabañas,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

José N. Rodríguez fué denunciado por infracción a la Ley de Automóviles, artículo 13, letras (a) y (d), porque el 15 de diciembre de 1927 a las 8:30 de la mañana, en la carretera, parada 39, Hato Rey de Río Piedras, en ocasión en que manejaba un automóvil por el sitio indicado, que es un camino público, ilegal, maliciosa y voluntariamente violó dicha ley para reglamentar el uso de vehículos de motor en Puerto Rico porque sin tener en cuenta el ancho, tráfico y uso del camino manejaba dicho automóvil sin el debido cuidado, llevándolo a una velocidad exagerada de más de 48 kilómetros por hora y regateando sobre su marcha con otro automóvil manejado por Luis Felipe Padilla, yendo ambos carros en la misma dirección hacia Santurce, chocando el automóvil manejado por el denunciado con un carro de caba-

llos que guiaba por su derecha su dueño Adabalejo Rodríguez, quien resultó gravemente herido y el caballo con una herida punzante.

■■ Alega el denunciado en la apelación que ha establecido contra la sentencia condenatoria dictada contra él en este caso que la corte sentenciadora cometió error al declarar sin lugar la excepción perentoria que opuso a esa denuncia fundada en que no aduce hechos suficientes para imputarle la comisión de un delito y en que es dudosa, ininteligible y ambigua por contener duplicidad de cargos.

La ley citada, que es la No. 75 de 1916, página 144 y siguientes de las leyes de ese año, dice así:

"Art. 13.—(a) La velocidad de un vehículo de motor deberá en todo tiempo regularse con el debido cuidado, tomando en cuenta el ancho, tráfico y uso del camino; y el hecho de conducir, en cualquier tiempo, un vehículo de motor por un camino público a una velocidad que exceda de 48 kilómetros por hora, o dentro de la la zona urbana de un municipio a una velocidad mayor de 24 kilómetros por hora, constituirá evidencia *prima facie* de que el vehículo era conducido sin el debido cuidado.

" *       *       *       *       *       *       *

" (d) Será ilegal el regatear o apostar acerca de la marcha de un vehículo de motor, en un camino público."·

Es cierto, como dice el apelante, que el hecho de correr un automóvil a más de 48 kilómetros no es constitutivo de delito sino una presunción *prima facie* de que es conducido sin el debido cuidado, y así lo hemos resuelto en el caso de *El Pueblo* v. *Casanovas,* 38 D.P.R. 319; pero también es cierto que ese apartado dispone que la velocidad de un vehículo de motor deberá regularse con el debido cuidado, tomando en cuenta el ancho, tráfico y uso del camino, y que la infracción a los preceptos de esa ley es constitutiva de delito según el artículo 18 de la misma, por lo que alegando la denuncia que el apelante en el sitio expresado en ella llevaba el automóvil a una·velocidad de más de 48 kilómetros por hora sin tener en cuenta el ancho, tráfico y uso del ca-

mino, claramente contiene hechos constitutivos de delito por infracción de dicho precepto en su letra (*a*).

En la denuncia se imputa al apelante que violó el artículo 13 de la citada ley porque manejó el automóvil sin el debido cuidado y también porque iba en regateo con otro automóvil, lo que se declara ser ilegal en el apartado (*d*) del artículo citado; pero el haberle imputado dos maneras de infringir las disposiciones de dicha ley no es denunciarlo por dos delitos, según hemos declarado en el caso de *El Pueblo* v. *Collazo,* 20 D.P.R. 203, en el que dijimos que "cuando, somo ocurre con el artículo 368 del Código Penal, la ley castiga como delito el hacer alguna de las varias cosas que menciona disyuntivamente, todas o algunas de ellas pueden ser imputadas conjuntamente."

El tercer motivo alegado para que revoquemos la sentencia es que la corte inferior cometió error al no admitir como prueba el récord de la causa seguida contra Luis Felipe Cuevas Padilla por el mismo delito imputado al apelante y acaecido en relación con él y al mismo tiempo. Esa prueba la ofreció el apelante para demostrar que Cuevas Padilla fué absuelto, pero era claramente inadmisible pues poco importaba para este caso lo que ocurriera en otro ni si en ese caso fué absuelto Cuevas Padilla.

El cuarto y último motivo del recurso es porque hubo error al apreciar la prueba. Hemos leído las declaraciones de los testigos y opinamos que sostienen la sentencia condenatoria pues de ellas aparece que el sitio indicado en la denuncia se halla frente a la entrada de la Universidad de Puerto Rico, que sabemos está inmediata a la entrada del pueblo de Río Piedras, lo que lo hace de mucho tráfico, y que por él llevaba el apelante su automóvil a bastante velocidad, así como que iba en regateo o competencia de velocidad con otro automóvil, y que el del apelante chocó allí con un carro que guiaba Adabalejo Rodríguez, hiriéndolo y también a su caballo.

*La sentencia apelada debe ser confirmada.*