El Pueblo de Puerto Rico, demandante y apelado, *v.* Gabriel Ramos, acusado y apelante.

No. 4541.—*Sometido:* Enero 22, 1932. *Resuelto:* Febrero 2, 1932.

*L. Tormes,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Gabriel Ramos fué acusado del delito de homicidio involuntario imputándosele que en cierta fecha por negligencia y descuido en el manejo de un automóvil arrolló a la niña Francisca María Plana Luciano produciéndole tales contusiones que le ocasionaron la muerte inmediatamente; diciéndose que la negligencia y descuido consistieron en este caso en haber manejado el automóvil sin tocar *klaxon* ni bocina y por correr a una velocidad exagerada por el lado izquierdo de la carretera de Guayama a Ponce, en vez de por su derecha, y sin reducir la velocidad. Fué declarado culpable de ese delito por un jurado y sentenciado por la Corte de Distrito de Ponce a la pena de seis meses de presidio con trabajos forzados.

En la apelación que interpuso contra la negativa a concedérsele un nuevo juicio y contra la sentencia alega tres motivos comunes de error que resume en uno, a saber, la insuficiencia de la prueba para sostener la condena.

■ No siempre que ocurre un accidente de automóvil en el que una persona sufre lesiones o pierde su vida existe necesariamente culpabilidad del conductor del vehículo. Tal hecho no es por sí mismo prueba de su culpabilidad ni hace necesario que el conductor justifique su inocencia. Para que una persona pueda ser condenada y privada de su libertad tiene que probarse que el accidente se debió a algún acto culpable suyo o a su negligencia o descuido en observar las disposiciones establecidas para la seguridad de los viandantes o de los otros vehículos, pues todo acusado tiene la presunción establecida por la ley de ser inocente a menos que su culpabilidad se pruebe fuera de duda razonable. Existen accidentes inevitables o desgraciados por los cuales no hay responsabilidad, porque no son causados por culpa o negligencia.

■ Generalmente respetamos la conclusión o veredicto de un jurado declaratorio de la culpabilidad de un acusado, particularmente en la credibilidad que da a los testigos, pero como tribunal de apelación podemos determinar si hubo un manifiesto error en la apreciación de la prueba o si ésta es de tal naturaleza que no justifica el veredicto y no es bastante para sostener una condena.

■ Teniendo presentes tales conclusiones examinaremos la prueba presentada en este caso para decidir si, como dice el apelante, es insuficiente para sostener el veredicto del jurado que lo declaró culpable de homicidio involuntario, que ha dado origen a su condena en el presidio con trabajos forzados.

Uno solo de los testigos del fiscal, Ramón Villa, vió cómo ocurrieron los hechos en este caso, pues los otros que fueron presentados no presenciaron el accidente, ya que Ignacio

Echevarría y los policías Antonio S. Fantauzzi y Ramón Portel llegaron al sitio del suceso después de haber sido arrollada la niña por el automóvil; otros como Juana Luciano, madre de la niña, y María Mercado estaban a alguna distancia de la niña y de otra que caminaba detrás de aquéllas y sólo vieron que el automóvil del apelante caminaba ligero.

Del conjunto de las declaraciones se llega a la conclusión no discutida de que entre doce y una del día 16 de mayo de 1930 caminaban Juana Luciano y María Mercado y detrás de ellas, a alguna distancia, la interfecta y otra niña por la carretera pública que de Ponce conduce a Santa Isabel, Salinas y Guayama, por el lado derecho de la misma, que es la parte sud de ella, en dirección a Santa Isabel; que en la misma dirección pasó a las mujeres y niñas un automóvil del que eran lanzadas al aire hojas de papel con un anuncio; que en aquellos momentos caminaba en dirección contraria, para Ponce, el automóvil que guiaba el apelante, por su derecha, parte norte de dicha carretera; y que en aquel sitio la carretera es recta y no hay curvas. Lo que entonces ocurrió lo dice el testigo Ramón Villa, cuya declaración en el juicio en su parte principal dice así:

"P.—Tenga la bondad y explique.

"R.—Pues, estando trabajando yo al lado de la carretera que conduce a Santa Isabel, vi venir a esta señora, dos señoras con dos niñas; las dos doñas iban alante y las dos niñas detrás, un poco retirado de las dos doñas iban las dos niñitas; pasó un carro de Ponce para Santa Isabel.

"P.—¿Qué hacía ese carro?

"R.—Iba regando programas.

"P.—Siga.

"R.—Y siguió. Y entonces venía un carro de allá para acá.

"P.—¿De dónde?

"R.—Como de Salinas para acá.

"P.—¿En dirección opuesta al que iba de Ponce para Santa Isabel?

"R.—Sí. Y entonces la niña, que iba por su derecha de aquí para allá, entonces vió un programa, y tiró a la derecha del carro

que venía de allá para acá a coger el programa, y entonces el chauffeur del auto que venía de allá para acá . . .

"P.—¿A qué velocidad venía ese carro?

"R.—Venía a una velocidad bastante regular.

"P.—¿Cómo?

"R.—Bastante regular.

"P.—¿Regular o exagerada?

"R.—Bastante, no mucha.

(Defensa) Que se elimine eso. Que no haga preguntas sugestivas.

(Juez) Se elimina.

Fiscal:

"P.—Explique lo que usted quiere decir con bastante regular.

"R.—Ligero. Cuando la niña cogió el programa, vino para acá, para la otra orilla, y el carro viró para la izquierda de allá para acá, y entonces cogió la niña porque la niña . . .

"P.—¿Entonces el carro se desvió?

"R.—Se desvió de su derecha para la otra derecha, para la otra izquierda.

"P.—¿Y cogió el sitio donde estaba la niña?

"R.—La niña estaba en la derecha.

"P.—¿La arrolló ahí?

"R.—El carro viró para la derecha. No sé si sería para salvarla. Entonces la niña corrió para la izquierda.

"P.—Entonces, la niña fué cogida en la derecha yendo . . .

"R.—Fué cogida en la izquierda.

"P.—¿Yendo para Santa Isabel?

"R.—Yendo para Santa Isabel, la cogió aquí, en la izquierda.

"P.—¿Y dónde la dejó?

"R.—La dejó ahí mismo.

"P.—¿Está seguro de eso?

"R.—Ahí mismo la dejó."

Por ese testimonio se llega a la conclusión de que en los momentos en que el apelante se acercaba al sitio por donde caminaban las mujeres y las niñas, una de éstas cruzó la carretera para ir al otro lado de la misma a coger un anuncio, por donde venía por su derecha el automóvil del apelante, quien se desvió hacia su izquierda donde fué arrollada dicha niña por haber vuelto al sitio donde antes estaba. De tal declaración se deduce que al cruzar la niña la carretera para

el sitio por donde caminaba el automóvil del apelante, éste se echó hacia su izquierda, probablemente para evitar arrollarla, como dijo a un policía al poco rato, y que habiendo vuelto la niña para atrás, para el lado por donde antes iba y para el cual fué desviado el automóvil, ocurrió el accidente al llegar ella a dicho sitio.

En vista de los hechos narrados por el testigo Villa y de lo que de ellos se infiere hay que llegar a la conclusión de que la muerte de la niña fué el resultado de un accidente desgraciado en que no tuvo culpa el apelante, quien trató de evitarlo cambiando su dirección hacia la izquierda cuando la niña cruzó la carretera y fué a la derecha que él ocupaba, y que el inesperado regreso de la niña al lado de la carretera que antes ocupaba fué la causa de su muerte. Los hechos en el caso de *Aguayo* v. *Municipio de San Juan,* 35 D.P.R. 425, son similares a los del presente.

■■ En la acusación se imputa al apelante como negligencia y descuido suyos causantes de la muerte de la niña el no haber tocado *klaxon* ni bocina y por correr a una velocidad exagerada por el lado izquierdo de la carretera en vez de por su derecha y sin reducir la velocidad. La prueba, sin embargo, demuestra que él caminaba por su lado derecho y que se desvió a la izquierda cuando la niña fué al lado que él ocupaba; que redujo la velocidad que llevaba pues puso los frenos, como demostraban las señales que de los neumáticos quedaron marcadas en la carretera. Es cierto que se probó que tales señales comenzaban veinte metros antes del sitio en que la niña quedó en el suelo y terminaban otros veinte metros después, pero ni se le imputó que el accidente se debió a defecto en los frenos ni se probó que el haber recorrido tales distancias con los frenos puestos sea demostración de que los mismos estaban defectuosos o de que pudo parar antes de esa distancia. En cuanto a la velocidad lo único que se probó fué que caminaba ligero en una recta y que por ese sitio sólo iban dos mujeres y las niñas por el

lado opuesto al del automóvil. Los automóviles pueden caminar por las carreteras a la velocidad que estimen conveniente siempre que sea compatible con la seguridad de vidas y propiedades, salvo que si corren a más de 48 kilómetros por hora y ocurre un accidente, tal velocidad constituirá evidencia *prima facie* de que el vehículo era conducido sin el debido cuidado, según disposición expresa de la ley número 75 de 1916 (p. 114). En los casos de *El Pueblo* v. *Casanovas,* 38 D.P.R. 219, y de *El Pueblo* v. *Rodríguez,* 40 D.P.R. 11, hemos declarado que no existe responsabilidad por el solo hecho de llevar un automóvil por las carreteras a más de 48 kilómetros por hora. En cuanto a no haber tocado *klaxon* ni bocina, la ley sólo impone el deber de tal aviso al pasar a peatones o a otros vehículos y en las curvas, ninguna de cuyas circunstancias existieron en este caso. La prueba del acusado tampoco demostró acto alguno negligente ni descuidado del apelante.

Es de sentirse que ocurran desgracias como la que motiva esta apelación, pero no siempre son responsables de ellas los que guían los automóviles.

*La sentencia apelada debe ser revocada y absolverse al apelante.*