El Pueblo de Puerto Rico, demandante y apelado, *v.* Carlos Castillo Juarbe, acusado y apelante.

No. 4898.—*Sometido:* Noviembre 15, 1933. *Resuelto:* Diciembre 6, 1933.

*Luis Tirado Géigel,* abogado del apelante; *R. A. Gómez,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Carlos Castillo Juarbe fué convicto de una infracción a la Ley de Automóviles por haber dejado de tocar *klaxon* en tiempo oportuno, por así decirlo, para evitar lesionar a la persona de Gabriel Blanco. Sólo hubo dos testigos de cargo. El testimonio de los dos testigos de cargo fué en parte contradictorio. El hecho que no ha sido controvertido en este caso es que Blanco fué golpeado por el automóvil y que después del accidente sus piernas se hallaban atrapadas por las ruedas del vehículo. Dichos dos testigos no precisan con claridad cuándo y cómo fué golpeado.

El accidente ocurrió en la calle San Justo, entre las de Salvador Brau y Allen. Tomaremos conocimiento judicial de que hay mucho tránsito a través de ese sitio; que generalmente hay carros estacionados al lado este de la calle; que el espacio disponible para pasar un automóvil es muy reducido, de suerte que un conductor al pasar queda muy cerca de la acera del lado oeste. La evidencia tendió a demostrar que Gabriel Blanco caminaba por el lado oeste de la calle; que trató de pasar a un grupo de personas que estaban frente a él; que al intentar pasar fué cogido por el automóvil. Negó haber bajado a la calle, pero dijo que el automóvil se había subido a la acera. Por la prueba inferimos con bastante certeza que el automóvil no se subió a la acera. Tampoco hay evidencia de que el mismo invadiese la acera.

■■ En el caso de *Aguayo* v. *Municipio de San Juan,* 35 D.P.R. 425, dijimos:

"En cuanto al deber de dar aviso sostenemos como cuestión de derecho que un conductor de un automóvil no tiene ninguna obligación de tocar su bocina constantemente al correr por las calles de una ciudad populosa a no ser que sea para avisar a la gente que ve o que están tratando de cruzar, y lo mismo acerca de los vehículos. Generalmente entre cruces es una especie de estorbo (*nuisance*) el tocar continuamente la bocina a menos que sea para avisar a alguien que está a la vista en la calle o que hace señal de que va a cruzar."

Desde luego, según expresa el fiscal, un conductor debe tocar bocina cuando el peligro de otra persona es aparente, según se dijo o se indicó en el caso citado. No hallamos evidencia al efecto de que Carlos Castillo Juarbe advirtiera peligro alguno para Blanco. No podemos resolver que el conductor hubiese podido prever que alguien se colocaría repentinamente frente al automóvil. Todo el caso tiende a demostrar que se trata de un accidente inevitable, por lo menos en lo que al acusado se refiere. Cualquier duda respecto a si al acusado se le presentó la ocasión de tocar bocina debe resolverse a su favor. Los hechos demuestran que al dirigirse hacia la calle Allen, Blanco, en vez de pasar al grupo por la derecha trató de hacerlo por la izquierda, más cerca de la calle, e, indudablemente que descendió de súbito a la calle.

*Debe revocarse la sentencia apelada y absolverse al acusado.*