HERMENEGILDO HANCE, demandante y apelante, *v.* R. MÉNDEZ & HNOS., demandada y apelada.

Núm. 7129 *

OPINION DISIDENTE DEL JUEZ ASOCIADO SEÑOR WOLF

Éste fué un caso en que la Corte de Distrito de San Juan hizo la conclusión general y especial de que la demandada o la persona que conducía el autocamión aquí envuelto no fué culpable de guiarlo a velocidad excesiva. Esto puede verse fácilmente leyendo la opinión de la corte inferior, cuya parte principal se copia en el resumen que de los hechos hizo este tribunal. La prueba tendió a demostrar que el demandado corría por el centro de la carretera.

Dadas las conclusiones de la corte inferior, no veo a mi vez prueba suficiente en los autos para justificar se contradiga la antedicha conclusión de la corte inferior, es decir, la relativa a velocidad.

Por tanto, hasta que surja una situación que haga necesario que el demandado eluda viajar por el centro de la carretera, el principio enunciado en *Aguayo* v. *Municipio de San Juan,* 35 D.P.R. 425, es aplicable.

Ahora, sería desde luego poco prudente ocupar el centro de la carretera al tomar una curva, pero conforme sostiene la opinión antes citada, ello no constituye negligencia *per se.* Al demandante incumbía demostrar algo dentro del campo de la negligencia, además de la ocupación de esa parte de la carretera. El hecho cierto en este caso es que el autocamión de la demandada cruzó junto al otro camión que venía en

* NOTA: Véase la opinión de la mayoría en la página 336.

dirección contraria, sin tocarlo. En mi opinión, no se demostró la negligencia de la demandada.

Aun asumiendo, conforme es difícil hacer, que el autocamión de la demandada viajara a velocidad excesiva, no obstante no puedo ver que el demandante estableciera la negligencia de dicha demandada. Al desviarse hacia la derecha para evitar chocar con el otro vehículo, se cayeron del autocamión primero un *drum* y luego Hance, el hijo del demandante. Nadie da una explicación satisfactoria respecto a por qué el *drum* y Hance cayeron del camión. Los principales testigos no estaban seguros de si Hance estaba sentado sobre el barril, o de pie junto a éste. A mi modo de ver las cosas, la probabilidad es que Hance estaba recostado del barril; que el movimiento repentino del autocamión le hizo caer, pero que algo similar pudo fácilmente haber sucedido si el demandado hubiera estado caminando por su derecha, no hubiera ido corriendo rápidamente, y no embargante hubiese tenido que desviarse. Evidentemente la posición de Hance tuvo que haber sido la de un equilibrio inestable. Había otros *drums* en el *truck* y a éstos nada les pasó.

No creo que la demandada pudiera prever que al colocar los *drums* en el camión en la forma en que se colocaron, haría que, en caso de que el vehículo se desviara rápidamente, alguien que viajara en la plataforma se cayera. De haber la demandada podido prever esto, también Hance pudo haberlo previsto. Disto mucho de surgir que Hance fuera culpable de negligencia contribuyente, mas me parece que su caída del camión fué un percance que no podía preverse, o un accidente desgraciado.

La sentencia debió haber sido confirmada.