EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARIANO RIVERA MUÑOZ, acusado y apelante.

Núms. 7882, 7883 y 7884.—*Sometidos:* Diciembre 5, 1939.
*Resueltos:* Diciembre 20, 1939.

*R. Hernández Matos,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

784

E<small>L</small> J<small>UEZ</small> A<small>SOCIADO</small> S<small>EÑOR</small> H<small>UTCHISON</small> emitió la opinión del tribunal.

Mariano Rivera Muñoz, conductor de camiones, apela de sentencias condenatorias en tres casos que fueron juzgados conjuntamente.

La denuncia en el caso núm. 7882 alega que el conductor del camión dejó de detenerse y dar su nombre y el número de su licencia al viandante o a cualquier policía u otra persona interesada, así como que dejó de llevar al lesionado a un hospital o a su residencia, en violación del artículo 12, inciso (b) de la Ley de Automóviles de Puerto Rico (Leyes de 1916, págs. 144, 152). La denuncia en el caso núm. 7883 imputa una violación de los incisos (a) y (d) del artículo 12 por haber dejado el acusado de hacer uso de aparato alguno de alarma o de tomar las debidas precauciones para garantizar la seguridad de vidas y propiedades de las personas que estaban en la carretera antes de llegar a la escena del accidente, que tuvo lugar en una curva. La denuncia en el caso 7884 imputaba el delito de acometimiento y agresión grave.

De conformidad con el artículo 6, inciso 9, de una ley aprobada el 10 de marzo, 1904 (Código Penal de Puerto Rico, edición 1937, pág. 157) el acometimiento y agresión es grave "cuando se cometiere con intención premeditada para el fin calculado de inferir graves heridas corporales." Convenimos con el letrado del apelante y con el fiscal de esta corte en que la conducta del chófer del camión no fué tan imprudente y temeraria que justifique la inferencia de una intención premeditada. Igualmente creemos que la prueba fué insuficiente para sostener la condena en el 7882. El peatón fué arrollado por el extremo delantero o esquina derecha de la caja del camión luego de la cabina haber pasado el sitio en que el viandante estaba en la carretera. El conductor estaba sentado dentro de la cabina, al lado contrario del camión. La prueba no ofrece base satisfactoria para la conclusión de que el acusado tuvo conocimiento del accidente antes de su arresto varias horas después.

Por motivos que es innecesario hacer constar en esta opinión, también nos inclinamos a convenir con el letrado del apelante, en que la prueba en el caso 7883 era insuficiente para justificar una condena en la teoría de que el acusado dejó de tocar su bocina antes de tomar la curva. El acusado, mientras ocupaba la silla de los testigos, admitió sin embargo que poco antes de llegar a la escena del accidente vió a dos personas, una de las cuales, según supo más tarde, fué arrollada por la caja del camión. Las ruedas del camión estaban en la parte embreada de la carretera que de ordinario es usada por los vehículos de motor. Parte de la caja del mismo se extendía fuera de la porción embreada de la carretera sobre un camino o espacio que está entre el embreado y la cuneta. Este camino o parte de la carretera entre la brea y la cuneta era utilizado por los viandantes. Uno de los dos peatones vió el camión y evitó ser lesionado brincando a la cuneta. El dejar el conductor del camión de tocar la bocina inmediatamente antes del accidente o de echarse un poco hacia la izquierda para evitar arrollar los peatones o para evitar que éstos se lanzaran a la cuneta, era suficiente, a nuestro juicio, para justificar una condena en el 7883.

*La sentencia en el caso núm. 7883 debe ser confirmada. En los casos 7882 y 7884 las sentencias deben ser revocadas.*

El Juez Presidente Señor Del Toro no intervino.