EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN YERA, acusado y apelante.

Núm. 9492.—*Sometido:* Julio 21, 1942. *Resuelto:* Julio 29, 1942.

*Julio Viera Morales,* abogado del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El acusado fué convicto de homicidio involuntario por un jurado, y ha apelado de la sentencia que lo condenó a sufrir un año de cárcel.

Aunque se señalan tres errores, dos de ellos envuelven el mismo incidente. La prueba demostró que el acusado

mientras manejaba un *truck*, arrolló y causó la muerte del finado. Estando el jurado deliberando, regresó a la sala de la corte a iniciativa propia, teniendo lugar el siguiente diálogo:

"Presidente del Jurado: Señor Juez: Hay algunos de los jurados que oyeron una pregunta que usted hizo a uno de los testigos, con referencia al trayecto de la carretera donde ocurrieron los hechos, sobre si había una curva.

"Juez: Parece que fué el testigo Felipe Ortiz. El taquígrafo podrá leer la parte pertinente a los señores del jurado.

"Taquígrafo: (Leyendo de sus notas:)

" 'Juez: La corte descaría aclarar un punto. ¿En el sitio donde ocurrió el accidente, es una curva o un sitio recto?

" 'Hay una simple curva.

" '¿Se ve a distancia?

" 'Sí, señor.

" '¿Donde ocurrió el accidente es curva?

" 'Una simple curva.'

---

"Jurado Dámaso A. Toro: Yo interesaba saber si la curva doblaba a la izquierda o hacia la derecha.

"Juez: No lo dijo el testigo. El testigo dijo que era una simple curva y que se veía a distancia, y no dijo más nada.

"Fiscal: Parece que dijo que iba para Guayanilla el *truck*.

"Juez: No podemos insertar nada. Y los señores del jurado no tomarán en consideración las palabras del fiscal.

"Jurado Sr. Verges: Si el accidente fué al entrar a la curva o antes de llegar a la simple curva.

"Juez: El testigo no ha declarado ninguna otra cosa sobre el sitio del accidente; que había una simple curva y que se veía a distancia. No dijo más nada ni nadie le preguntó. Pueden retirarse y seguir deliberando. Receso de la corte hasta la vuelta del jurado.

" (El jurado se retira de nuevo a deliberar.) "

Nada perjudicial vemos en el comentario del fiscal de distrito de que el truck iba hacia Guayanilla. Como cuestión de hecho, el testigo de referencia había declarado que el truck iba de Ponce a Guayanilla. Aparentemente nunca

hubo discusión alguna en cuanto a ese hecho específico. La corte, sin embargo, instruyó al jurado que no tomara en consideración el comentario del fiscal de distrito, y el acusado no hizo objeción ni manifestación alguna durante ese diálogo. El acusado descansa en el caso de *Pueblo v. Marchand Paz,* 53 D.P.R. 671, pero los hechos del presente caso no son ni aun remotamente similares a lo que ocurrió en dicho caso.

El último error consiste en que hubo manifiesto error en la apreciación de la evidencia.. Aquí la acusación fué que la negligencia criminal del acusado al manejar un truck tuvo por resultado la muerte del finado. La prueba del Pueblo, a la cual dió crédito el jurado, fué que temprano en la tarde el finado y otro hombre caminaban despacio por el lado derecho de la carretera hacia Guayanilla; que mientras tomaban una curva simple en la carretera, un truck que era manejado por el acusado a velocidad excesiva en la misma dirección, sin que tocase bocina, arrolló al finado, quien fué lanzado a la cuneta contigua y quien falleció más tarde a consecuencia de las lesiones recibidas. El finado fué golpeado por la parte de atrás del truck, que era más ancha que la parte del frente. El acusado no se detuvo, sino que continuó manejando el truck hacia Guayanilla.

El acusado descansó en el testimonio de que el finado estaba borracho y caminó hacia el truck. Bajo todas las circunstancias, el jurado estuvo justificado en no darle crédito a este testimonio y en rendir un veredicto de culpabibilidad. Los casos de *Pueblo* v. *Ramos,* 43 D.P.R. 71, y *Pueblo* v. *Rivera,* 55 D.P.R. 783, citados por el acusado, se distinguen por sus propios hechos. El caso de *Ramos* en particular claramente envolvía un accidente inevitable.

*La sentencia de la corte de distrito será confirmada.*